FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 31 2006

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

HARLEYSVILLE MUTUAL
INSURANCE COMPANY, INC.                                    PLAINTIFF

vs.          CASE NO.: 4-06-CV-0501-WRW

VINTAGE VERANDAH, INC.;
MASTERCRAFT INTERNATIONAL U.S.A., INC.;
and WAL-MART STORES, INC.                              DEFENDANTS

## CONSENT JUDGMENT

On this 31st day of October, 2006, is presented to the Court the Consent Judgment signed by counsel for the plaintiff, Harleysville Mutual Insurance Company, Inc. ("Harleysville"), and by counsel for the separate defendants, Vintage Verandah, Inc. ("Vintage") and Mastercraft International U.S.A., Inc. ("Mastercraft"). Said Consent Judgment announces to the Court that all things and matters alleged in the Complaint are conceded by separate defendants Vintage and Mastercraft, each of whom stipulates to the entry of a Consent Judgment against it as set forth herein, and that the Court being well and sufficiently advised in the premises, finds as follows:

1. That this Court has jurisdiction over Vintage, Mastercraft, and the subject matter herein.

2. That Vintage and Mastercraft concede that no policy of insurance issued to Mastercraft by Harleysville provides coverage for any liability of Mastercraft in connection with the civil lawsuit filed against it in this Court on January 26, 2004, said lawsuit being docketed as Case No.: 4:06-CV-00066-WRW ("the Underlying Lawsuit").

3. That Vintage and Mastercraft concede that no policy of insurance issued to Mastercraft by Harleysville provides coverage for any liability of Mastercraft in connection with the facts alleged in the Underlying Lawsuit.

4. That Vintage and Mastercraft concede that Harleysville has no duty to defend or indemnify Mastercraft in connection with the Underlying Lawsuit or the facts alleged therein.

5. That Vintage and Mastercraft concede that Harleysville has no duty to pay any portion of any judgment obtained against Mastercraft in the Underlying Lawsuit.

6. That Vintage and Masterccraft agree that Harleysville is entitled to a declaratory judgment against Vintage and Mastercraft, as prayed for in Harleysville's Complaint, and as specifically set forth hereinabove.

7. That separate defendant Wal-Mart Stores, Inc. ("Wal-Mart") in no way consents to, participates in, or becomes a party to this consent judgment; further, that Wal-Mart in fact contests the things and matters alleged in the Complaint and conceded to by Vintage and Mastercraft herein.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the plaintiff, Harleysville Mutual Insurance Company, Inc., have and recover this declaratory judgment and relief from the separate defendants, Vintage Verandah, Inc. and Mastercraft International U.S.A., Inc., as specifically prayed for in the plaintiff's Complaint, and as specifically set forth hereinabove.

IT IS SO ORDERED.

_____
Hon. William R. Wilson, Jr.

APPROVED AS TO FORM AND CONTENT:

_____
Chad Gowens,
Attorney for Harleysville Mutual Insurance Company, Inc.

    /s/ Gerald A. Coleman
_____
Gerald A. Coleman,
Attorney for Vintage Verandah, Inc.

_____
Dennis Haase,
Attorney for Mastercraft International U.S.A., Inc.